1   WO                                                                    SC

2

3

4

5

6                    IN THE UNITED STATES DISTRICT COURT

7                        FOR THE DISTRICT OF ARIZONA

8

9   Louis Joseph Cassise,                    No.   CV 20-00633-PHX-MTL (MTM)

10                    Petitioner,

11  v.                                        **ORDER**

12  Mark Brnovich,

13                    Respondent.

14

15          Petitioner Louis Joseph Cassise, who is subject to probation, filed a pro se Petition

16  for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 (Doc. 1) and an Application to

17  Proceed In Forma Pauperis (Doc. 2).  The Court granted the Application but dismissed

18  the Petition with leave to file an amended petition naming his custodians as respondents

19  (Doc. 6).  Petitioner has filed an Amended Petition (Doc. 7) and a motion for exemption

20  from the Mandatory Initial Discovery Pilot Project (Doc. 8).  The Court will require an

21  answer to the Amended Petition and deny the motion as moot.[1]

22  **I.     Background**

23          Petitioner was convicted pursuant to a plea agreement in Maricopa County

24  Superior Court, case #CR 2012-133428, of ten counts of public sexual indecency and was

25  sentenced to a four-year term of imprisonment followed by lifetime probation.  *See*

26  *Cassise v. Ryan*, No. 2:15cv01281-PHX-MTL (D. Ariz. July 9, 2015), Doc. 1-2 at 10.

27  ─────────────────

28          [1]  The Clerk's Office has already vacated the Notice to Parties – Mandatory Initial
    Discovery Pilot Project, which was filed in this case in error.

1  On November 24, 2014, the trial court denied Petitioner's state petition for post-
2  conviction relief.  *Id.* at 34.  The Arizona Court of Appeals granted review but denied
3  relief from the denial of state post-conviction relief.  *See State v. Cassise*, No. 1 CA-CR
4  14-0852 PRPC, 2016 WL 6436821, at *1 (Ariz. Ct. App. Nov. 1, 2016).

5  **Previous Habeas Corpus Proceeding**

6  On July 9, 2015, Petitioner, who was then-confined in the Arizona State Prison
7  Complex-Eyman, in Florence, Arizona, filed a pro se Petition for Writ of Habeas Corpus
8  pursuant to 28 U.S.C. § 2254.  *See Cassise v. Ryan*, No. 2:15cv01281-PHX-MTL (D.
9  Ariz. July 9, 2015).  In his Petition, Petitioner challenged his conviction, pursuant to a
10  plea agreement, for public sexual indecency in Maricopa County Superior Court, case
11  #CR 2012-133428.  *Id.* at Doc. 1 at 1.

12  In a June 8, 2016 Report and Recommendation ("R&R"), Magistrate Judge Eileen
13  S. Willett recommended that the Petition be dismissed without prejudice because
14  Petitioner's claims were completely unexhausted.  *Id.* at Doc. 27.  Magistrate Judge
15  Willett also recommended that a certificate of appealability (COA) and leave to proceed
16  in forma pauperis on appeal be denied.  *Id.*  In a June 28, 2016 Order, the Court overruled
17  Petitioner's objection to the R&R and adopted the R&R in its entirety.  *Id.* at Doc. 29.
18  Judgment was entered the same day.  *Id.* at Doc. 30.

19  Petitioner filed a motion for reconsideration, which the Court denied.  *Id.* at Doc.
20  32.  Petitioner filed a notice of appeal.  *Id.* at Doc. 33.  While his appeal was pending,
21  Petitioner filed another motion for reconsideration, which the Court denied.  *Id.* at Doc.
22  36.  Petitioner filed a motion for status, which the Court granted to the extent stated in the
23  Order.  *Id.* at Doc. 38.  Petitioner filed a motion for clarification and the Court ordered
24  the Clerk to mail Petitioner a copy of the Order at Docket 36.  *Id.* at Doc. 40.  Petitioner
25  filed another motion for clarification and motion for a copy of the complete docket.  The
26  Court denied the second motion for clarification but granted the motion for a copy of the
27  docket.  *Id.* at Doc. 43.  Petitioner then filed a third motion for reconsideration, a motion
28  to supplement the third motion for reconsideration, a second motion to supplement, a

TERMPSREF

motion for production of records, and a motion for ruling on the third motion for reconsideration, all of which the Court denied. *Id.* at Doc. 50. Petitioner then filed a response to that Order to which no ruling was necessary. On December 12, 2016, the Ninth Circuit Court of Appeals denied Petitioner's motion to supplement his appeal filed there, denied Petitioner a COA, and terminated Petitioner's appeal. *Id.* at Doc. 52.

Petitioner then filed a notice of appeal as to this Court's denial of his third motion for reconsideration and a motion for clarification regarding the appellate filing fee. The Court granted in part the motion for clarification. *Id.* at Doc. 56. On February 24, 2017, Petitioner filed a notice of change of address, reflecting that he had been released from custody. *Id.* at Doc. 59. On February 26, 2020, Petitioner filed an "Addendum to Petition under 28 U.S.C. § 2254," which the Clerk of Court docketed as a fourth motion for reconsideration. *Id.* at Doc. 60. In this motion, Petitioner represented that he had exhausted his state court remedies and that he remained subject to probation. The Court denied this motion. *Id.* at Doc. 62.

In denying Petitioner's last motion in the above case, the Court stated if Petitioner wished to challenge his Maricopa County conviction and sentence, he had to commence a new habeas corpus case by filing a petition for writ of habeas corpus using the court-approved form, which the Clerk of Court would mail to him, and pay the $5.00 filing fee.[2] In addition, the Court informed Petitioner of the following:

> A petitioner for habeas corpus relief under 28 U.S.C. § 2254 must name the state officer having custody of him as the respondent to the petition. *See* Rule 2(a), Rules Governing Section 2254 Cases; *Belgarde v. Montana*, 123 F.3d 1210, 1212 (9th Cir. 1997). Typically, this person is the warden of the institution where the petitioner is incarcerated. When a habeas petitioner has failed to name a respondent who has the power to order the petitioner's release, the Court " may not grant effective relief, and thus should not hear the case unless the petition is amended to name a respondent who can grant the desired relief." *Smith v. Idaho*, 392 F.3d 350, 355 n.3 (9th Cir. 2004). A petitioner on probation or parole as to the

---

[2] While the Court stated that Petitioner had to file a new habeas corpus case, the Court in no way indicated that the filing of such case would be timely, contrary to Petitioner's assertion. (Doc. 1 at 5.)

TERMPSREF

conviction challenged must name the probation or parole officer responsible for supervising him and the official in charge of the parole or probation agency, or the state correctional agency, as appropriate, as respondents. *See* Rule 2(b), 28 U.S.C. foll. § 2254, advisory committee's note. Further, in this District, a petitioner typically also names the Arizona Attorney General as a respondent. *See Belgarde*, 123 F.3d at 1212-13.

*Id.* at Doc. 62 at 3, n.1.

Petitioner thereafter filed his Petition in this case but failed to name his custodians. As noted above, the Court dismissed the Petition with leave to amend to name his current custodians.

## II.     Amended Petition

In his Amended Petition, Petitioner names Arizona Attorney General Mark Brnovich, Michael Cimino, and Aneesha Gaines as Respondents. Petitioner alleges four grounds for relief. In Ground One, he alleges that imposition of consecutive rather than concurrent sentences on counts 1 and 2 of his conviction violated his due process rights under the Fifth and Fourteenth Amendments. In Ground Two, he alleges that his prison terms were wrongfully enhanced from 1.5 years to 2 years each in violation of his Fifth and Fourteenth Amendment rights. In Ground Three, Petitioner alleges that his Fifth and Fourteenth Amendment rights where he was sentenced twice for the same statutory offence in violation of the Double Jeopardy Clause. In Ground Four, Petitioner alleges that the prison term imposed for count 2 violated his Fifth, Sixth, and Fourteenth Amendment rights. The Court will require Respondents to answer the Amended Petition.

## III.    Warnings

### A.      Address Changes

Petitioner must file and serve a notice of a change of address in accordance with Rule 83.3(d) of the Local Rules of Civil Procedure. Petitioner must not include a motion for other relief with a notice of change of address. Failure to comply may result in dismissal of this action.

### B.      Copies

Petitioner must serve Respondents, or counsel if an appearance has been entered, a

TERMPSREF

copy of every document that he files.  Fed. R. Civ. P. 5(a).  Each filing must include a certificate stating that a copy of the filing was served.  Fed. R. Civ. P. 5(d).  Also, Petitioner must submit an additional copy of every filing for use by the Court.  LRCiv 5.4.  Failure to comply may result in the filing being stricken without further notice to Petitioner.

### C.   Possible Dismissal

If Petitioner fails to timely comply with every provision of this Order, including these warnings, the Court may dismiss this action without further notice.  *See Ferdik v. Bonzelet*, 963 F.2d 1258, 1260-61 (9th Cir. 1992) (a district court may dismiss an action for failure to comply with any order of the Court).

**IT IS ORDERED:**

(1)   Petitioner's motion for exemption or waiver from the Mandatory Initial Pilot Project (Doc. 8) is **denied** as moot.

(2)   The Clerk of Court must serve a copy of the Amended Petition (Doc. 7) and this Order on the Respondent(s) and the Attorney General of the State of Arizona by electronic mail pursuant to Rule 4, Rules Governing Section 2254 Cases, and the Memorandum of Understanding between the United States District Clerk of Court for the District of Arizona and the Arizona Attorney General's Office.  Pursuant to the Memorandum of Understanding, copies of the Amended Petition and this Order will be sent via Notice of Electronic Filing (NEF) to the State of Arizona Respondent through the Attorney General for the State of Arizona to designated electronic mail addresses. Within 2 business days, the Attorney General's Office will acknowledge receipt of the Amended Petition and the Court's Order and within 5 business days will either file a notice of appearance on behalf of Respondents or will notify the Court of the names of the Respondents on whose behalf the Arizona Attorney General's Office will not accept service of process.

(3)   Respondents must answer the Amended Petition within **40 days** of the date of service.   Respondents must not file a dispositive motion in place of an answer.

TERMPSREF

Respondents may file an answer that (a) is limited to relevant affirmative defenses, including, but not limited to, statute of limitations, procedural bar, or non-retroactivity; (b) raises affirmative defenses as to some claims and discusses the merits of others; or (c) discusses the merits of all claims.  The failure to set forth an affirmative defense regarding a claim in an answer may be treated as a waiver of the defense as to that claim, *Day v. McDonough*, 547 U.S. 198, 209-11 (2006), but an answer that is limited to affirmative defenses on a particular claim does not waive any argument on the merits as to that claim.  If the answer only raises affirmative defenses, only those portions of the record relevant to those defenses need be attached to the answer.  If not, the answer must fully comply with all the requirements of Rule 5 of the Rules Governing Section 2254 Cases.

(4)     Regarding courtesy copies of documents for chambers, Respondents are directed to review Section II(D) of the Court's Electronic Case Filing Administrative Policies and Procedures Manual, which requires that "a courtesy copy of the filing, referencing the specific document number, **shall be printed directly from CM/ECF**." CM/ECF Admin. Man. § II(D)(3) (emphasis added). *See* http://www.azd.uscourts.gov/ sites/default/files/documents/adm%20manual.pdf.

(5)     Petitioner may file a reply within **30 days** from the date of service of the answer.

(6)     This matter is referred to Magistrate Judge Michael T. Morrissey pursuant to Rules 72.1 and 72.2 of the Local Rules of Civil Procedure for further proceedings and a report and recommendation.

Dated this 11th day of May, 2020.

Michael T. Liburdi
United States District Judge

TERMPSREF