**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Joseph Cassise, | No. CV-20-00633-PHX-MTL |
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Respondents. | |

Pending before the Court is Magistrate Judge Michael T. Morrissey's Report and Recommendation ("R&R") (Doc. 19) to dismiss Petitioner Louis Joseph Cassise's Amended Petition for Writ of Habeas Corpus (the "Petition") (Doc. 7) and to grant a Certificate of Appealability. Petitioner filed objections to the R&R. (Doc. 20.) Respondents filed a response. (Doc. 21.) For the reasons expressed below, the Court overrules Petitioner's objections and adopts the Magistrate Judge's R&R in its entirety.

I.     **BACKGROUND AND PROCEDURAL HISTORY**

On November 1, 2013, Petitioner pled guilty to ten counts of public sexual indecency. (Doc. 7 at 1-2.) Following the denial of his request for post-conviction relief, Petitioner appealed to the Arizona Court of Appeals (Doc. 19 at 2), which granted review but denied relief. *State v. Cassise*, No. 1 CA-CR 14-0852 PRPC, 2016 WL 6436821 at *2 (Ariz. Ct. App. Nov. 1, 2016). On July 9, 2015, Petitioner filed his first Petition for Writ of Habeas Corpus (the "2015 Petition"). (Doc. 19 at 2.) Judge Paul G. Rosenblatt adopted the Magistrate Judge's R&R and dismissed the 2015 Petition without prejudice. (*Id.*) On

July 18, 2017, Petitioner filed an Amended Petition (the "2017 Petition") for Writ of Habeas Corpus. (*Id.* at 3.) Judge John J. Tuchi adopted the Magistrate Judge's recommendation and dismissed the 2017 Petition with prejudice. (*Id.*) Petitioner appealed that dismissal but was denied a Certificate of Appealability by the Ninth Circuit. (*Id.*)

The instant Petition, filed as an "Amended Petition" following the Court's dismissal of Petitioner's first filing (Doc. 6), is Petitioner's third federal habeas proceeding. In response, Respondents filed a Motion to Dismiss for Lack of Jurisdiction, arguing that the Court lacks jurisdiction to consider the merits of the Petition. (Doc. 12 at 1.) Magistrate Judge Morrissey issued the R & R at issue on July 14, 2020. (Doc. 19.) Petitioner filed his objections on July 20, 2020.[*] (Doc. 20.)

## II.    LEGAL STANDARD

When reviewing a state prisoner's habeas corpus petition under 28 U.S.C. § 2254, a federal district court "must decide whether the petitioner is 'in custody in violation of the Constitution or laws or treaties of the United States.'" *Coleman v. Thompson*, 501 U.S. 722, 730 (1991) (*quoting* 28 U.S.C. § 2254). The Court only reviews *de novo* those portions of the report specifically objected to and "may accept, reject, or modify, in whole or in part, the findings and recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C); *see also* Fed. R. Civ. P. 72(b)(3) ("The district judge must determine de novo any part of the magistrate judge's disposition that has been *properly* objected to.") (emphasis added). The Court is not required to "review . . . any issue that is not the subject of an objection." *Thomas v. Arn*, 474 U.S. 140, 149 (1985). A proper objection made to a magistrate judge's R&R "requires '*specific written objections* to the proposed findings and recommendations.'" *Warling v. Ryan*, No. CV-12-01396-PHX-

---

[*] On August 10, 2020, Petitioner filed a reply (Doc. 22) in support of his objections. While the Federal Rules of Civil Procedure permit objections to a R&R, and a response to the objections, they do not provide for a reply. *See* Fed. R. Civ. P. 72(b)(2). Because Petitioner was not permitted to file a reply, the Court will not consider it. Petitioner has also filed a "Motion for Review of the Entire Record De Novo" (Doc. 23), which the Court interprets as a second attempt to file a reply in support of his objections. It will be denied.

DGC (SPL), 2013 WL 5276367, at *2 (D. Ariz. Sept. 19, 2013) (quoting Fed. R. Civ. P. 72(b)). If a petitioner raises a general objection, "the Court is relieved of any obligation to review it." *Martin v. Ryan*, No. CV-13-00381-PHX-ROS, 2014 WL 5432133, at *2 (D. Ariz. Oct. 24, 2014) (citations omitted). Therefore, a general objection "has the same effect as would a failure to object." *Warling*, 2013 WL 5276367 at *2 (citations omitted).

Habeas petitions are governed by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). In relevant part, the AEDPA provides that a second or successive petition may only be considered by the Court if the petitioner first moves "in the appropriate court of appeals for an order authorizing the district court to consider the application." 28 U.S.C. § 2244(b)(3)(A). If a petitioner fails to do so, the district court lacks subject-matter jurisdiction. *See e.g.*, *Burton v. Stewart*, 549 U.S. 147, 153 (2007) (holding that a district court was without jurisdiction to entertain a second or successive petition filed without leave from the appropriate court of appeals). A petition is considered "second or successive" when the claims related to the judgment challenged were or could have been adjudicated on their merits in an earlier petition. *Magwood v. Patterson*, 561 U.S. 320, 332-33 (2010).

## III.   DISCUSSION

The R&R recommends granting Respondents' Motion to Dismiss because the Petition is a "second or successive" petition filed without leave from the Ninth Circuit. (Doc. 19 at 4-5.) Petitioner, rather than directly addressing the Magistrate Judge's analysis, requests in his "objections" that the Court use its "discretion and authority to grant [him] 'leave to amend' his Petition." (Doc. 20 at 1.) As Petitioner correctly notes (*id.* at 1-2), the Court has already granted leave to file an Amended Petition following his failure to name all necessary parties as respondents in his original filing. (Doc. 6 at 4.) Leave to amend should be granted "freely . . . when justice so requires." (Doc. 20 at 2 (citing Fed. R. Civ. P. 15(b)(1)). That is not the case here.

Granting leave to amend would not cure the deficiencies found by the Magistrate Judge. Importantly, the R&R accurately notes that the Court lacks jurisdiction to consider

the merits of the Petition because it "is a second or successive habeas petition" filed without leave from the Ninth Circuit.  (Doc. 19 at 5.)  Permitting leave to amend the Petition would not address this critical flaw.  It is not the contents of the Petition, but rather the actions taken prior to its filing, that leave the Court without jurisdiction.

Petitioner fails to otherwise identify any proposed findings or recommendations to which he objects.  Petitioner's general assertions that Respondents' "motion to dismiss for lack of jurisdiction is unfounded" and that it "lacks the necessary specificity" serve as a general objection to the R&R.  (*Id.*)  The Court is accordingly under no obligation to conduct a full *de novo* review of the Magistrate Judge's R&R.  *See e.g.*, *Warling*, 2013 WL 5276367 at *2 ("[B]ecause de novo review of an entire R & R would defeat the efficiencies intended by Congress, a general objection has the same effect as would a failure to object.") (internal marks and citation omitted).

Although it has no obligation to do so, the Court nonetheless has considered the general objections and reviewed the R&R. The Court agrees with Magistrate Judge Morrissey's R&R and accepts the recommended decision. Petitioner must attempt to obtain leave from the Ninth Circuit as to whether a second or successive habeas petition may be filed.  As there is "no useful purpose [in] forcing the petitioner to retreat to square one and wend his way anew and through the jurisdictional maze," the Court will grant Petitioner a Certificate of Appealability to allow him to seek the Ninth Circuit's leave to file a second or successive habeas petition. *Cooper v. Calderon*, 274 F.3d 1270, 1274-75 (9th Cir. 2001).

IV.    **CONCLUSION**

Accordingly,

**IT IS ORDERED adopting** the Report and Recommendation.  (Doc. 19.)

**IT IS THEREFORE ORDERED granting** Respondents' Motion to Dismiss for Lack of Jurisdiction (Doc. 12).

**IT IS FURTHER ORDERED dismissing** the Amended Petition (Doc. 7) for lack of jurisdiction.

**IT IS FURTHER ORDERED granting** a Certificate of Appealability to the

United States Court of Appeals for the Ninth Circuit as to whether a second or successive habeas petition may be filed.

**IT IS FURTHER ORDERED** that Petitioner's Motion to Strike (Doc. 15) is **denied**.

**IT IS FURTHER ORDERED** that Respondents' Motion for Extension of Time to File Answer (Doc. 16) and Petitioner's Motion to Strike (Doc. 18) are **denied as moot**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Review of the Entire Record De Novo (Doc. 23) is **denied**.

**IT IS FINALLY ORDERED** directing the Clerk of the Court to close this case and enter judgment accordingly.

Dated this 16th day of September, 2020.

Michael T. Liburdi
United States District Judge