**WO**

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF ARIZONA

| | |
|---|---|
| Louis Joseph Cassise,<br><br>        Petitioner,<br><br>v.<br><br>Mark Brnovich, et al.,<br><br>        Respondents. | No. CV-20-00633-PHX-MTL<br><br>**ORDER** |

       Before the Court is Petitioner's Motion for Reconsideration and Review of the Entire Record De Novo (the "Motion") (Doc. 26). Petitioner first filed a Petition for Writ of Habeas Corpus in July 2015. (Doc. 19 at 2.) Judge Paul G. Rosenblatt adopted the Magistrate Judge's Report and Recommendation ("R&R") and dismissed the petition without prejudice. (*Id.*) Petitioner then filed an Amended Petition for Writ of Habeas Corpus. (*Id.* at 3.) Judge John J. Tuchi adopted the Magistrate Judge's R&R and dismissed this amended petition with prejudice. (*Id.*) Petitioner appealed that dismissal but was denied a Certificate of Appealability by the Ninth Circuit. (*Id.*)

       Petitioner then filed an Amended Petition in this Court, which was his third federal habeas proceeding. (Doc. 7.) Magistrate Judge Michael T. Morrissey issued an R&R in July 2020 recommending that Respondents' Motion to Dismiss for Lack of Jurisdiction be granted and Petitioner's Amended Petition be dismissed. (Doc. 19.) Magistrate Judge Morrissey also recommended that this Court grant a Certificate of Appealability to the United States Court of Appeals for the Ninth Circuit as to whether a second or successive

habeas petition may be filed. (*Id.*) This Court adopted the R&R, which granted Respondents' Motion to Dismiss for Lack of Jurisdiction and dismissed the Amended Petition. (Doc. 24.) The Court also adopted the R&R's recommendation to grant a Certificate of Appealability. (*Id.*) The Clerk of the Court then entered judgment and closed the case. (Doc. 25.)

On April 9, 2021, almost seven months after this Court's decision, Petitioner filed the instant Motion. (Doc. 26.) Motions for reconsideration should be granted only in rare circumstances. *Defs. of Wildlife v. Browner*, 909 F. Supp. 1342, 1351 (D. Ariz. 1995). A motion for reconsideration is appropriate where the district court "(1) is presented with newly discovered evidence, (2) committed clear error or the initial decision was manifestly unjust, or (3) if there is an intervening change in controlling law." *Sch. Dist. No. 1J, Multnomah Cnty. v. ACandS, Inc.*, 5 F.3d 1255, 1263 (9th Cir. 1993). Such motions should not be used for the purpose of asking a court "'to rethink what the court had already thought through – rightly or wrongly.'" *Defs. of Wildlife*, 909 F. Supp. at 1351 (quotations omitted). A motion for reconsideration "may not be used to raise arguments or present evidence for the first time when they could reasonably have been raised earlier in the litigation." *Kona Enters., Inc. v. Estate of Bishop*, 229 F.3d 877, 890 (9th Cir. 2000). Nor may a motion for reconsideration repeat any argument previously made in support of or in opposition to a motion. *Motorola, Inc. v. J.B. Rodgers Mech. Contractors, Inc.*, 215 F.R.D. 581, 586 (D. Ariz. 2003).

Petitioner's Motion was filed several months late and he has not shown good cause to excuse this delay. *See* LR Civ 7.2(g). Thus, the Court will deny the untimely motion for reconsideration. *See Combs v. Arizona*, No. CV-06-2011-PHX-DGC, 2008 WL 1994911, at *1 (D. Ariz. May 6, 2008) (denying untimely motion for reconsideration where good cause had not been shown). Even if this Court considered the Motion, it improperly repeats many of the same arguments that Petitioner previously made. Petitioner has not presented the Court with any newly discovered evidence, has not shown the Court committed clear error, and has not identified any change in controlling

law. The Court therefore denies Petitioner's Motion.

Accordingly,

**IT IS ORDERED denying** Petitioner's Motion for Reconsideration and Review of the Entire Record De Novo (Doc. 26).

Dated this 14th day of April, 2021.

Michael T. Liburdi
United States District Judge