**WO**

# IN THE UNITED STATES DISTRICT COURT

# FOR THE DISTRICT OF ARIZONA

| Louis Joseph Cassise, | No. CV-20-00633-PHX-MTL |
|---|---|
| Petitioner, | **ORDER** |
| v. | |
| Mark Brnovich, et al., | |
| Respondents. | |

Before the Court is Petitioner's Rule 60(b) Motion for Relief from Wrongful Dismissal for Lack of Jurisdiction (Doc. 32) and Motion for Expeditious Ruling (Doc. 33). The Court denies the Motion for Expeditious Ruling as moot. For the following reasons, the Court will deny Petitioner's Rule 60(b) Motion.

## I.

The Court previously set out the history of Petitioner's offense, conviction, and post-conviction proceedings in its Order dismissing Petitioner's Amended Petition. (*See* Docs. 24, 27, 29.) Following the Court's denials of Petitioner's § 2254 petition for habeas corpus relief (Doc. 24), motion for reconsideration (Doc. 27), and motion to be heard (Doc. 29), Petitioner filed the instant Rule 60(b) motion. (Doc. 32.) This is Petitioner's third attempt to have the Court reconsider its previous ruling.

///

///

///

## II.

Rule 60(b) provides:

> On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b); (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; (4) the judgment is void; (5) the judgment has been satisfied, released, or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b). Where a previous ruling precluded a merits determination, a Rule 60(b) motion to reconsider that ruling is proper. *Gonzalez v. Crosby*, 545 U.S. 524, 532 n.4 (2005).

Petitioner does not identify which subsection of Rule 60(b) he brings his Motion under. The Court finds that the only potentially applicable subsections are (b)(1) and (b)(6).* Petitioner asserts that "[the] Court made a clear mistake of law in dismissing [the] case for lack of jurisdiction after it previously issued [leave to amend]." (Doc. 32.) Under (b)(1), the Court finds there was no mistake. The Court dismissed the Amended Petition for lack of subject-matter jurisdiction because it was "second or successive." (Doc. 24 at 4-5); *see* 28 U.S.C. § 2244(b)(3)(A). Nowhere in his Motion does Petitioner dispute that his Amended Petition is second or successive. Petitioner's Motion also fails under (b)(6) because he has failed to establish "extraordinary circumstances." *See Gonzalez*, 545 U.S. at 536. This requirement rarely occurs in the habeas context. *Id.* at 534-35. Here, Petitioner has not asserted any change in law or any other extraordinary circumstance that entitles

---

* Subsection (b)(2) does not apply here because Petitioner does not advance any newly discovered evidence; (b)(3) does not apply because Petition does not assert fraud; (b)(4) does not apply because the judgment is not void; (b)(5) similarly does not apply because there has been no change in the judgment's status.

him to relief.

Petitioner's Motion may also be construed as requesting leave to amend his Amended Petition. The Court retains discretion to grant leave to amend when justice so requires. Fed. R. Civ. P. 15(a). Futility of an amendment in a habeas case, by itself, can justify denying leave to amend. *Hooper v. Shinn*, No. 08-99024, 2021 WL 70551 (9th Cir. Jan. 8, 2021), *cert. denied*, 212 L. Ed. 2d 330, 142 S. Ct. 1376 (2022) (citing *Bonin v. Calderon*, 59 F.3d 815, 845 (9th Cir. 1995)). Petitioner does not state how he would amend his Petition. As the Court has previously stated, leave to amend the Petition would not correct the critical flaw that the Petition is second and successive which leaves the Court without jurisdiction. (Doc. 24 at 4.) The Court therefore finds that Petitioner is not entitled to relief under Rule 60(b).

### III.

Accordingly,

**IT IS ORDERED** that Petitioner's Motion for Expeditious Ruling (Doc. 33) is **denied**.

**IT IS FURTHER ORDERED** that Petitioner's Motion for Relief from Judgment or Order (Doc. 32) is **denied**.

**IT IS FURTHER ORDERED** that a certificate of appealability is **denied** as to this Rule 60(b) motion because Petitioner has not demonstrated that reasonable jurists could find the ruling debatable or conclude that the issues presented are adequate to deserve encouragement to proceed further. *See Buck v. Davis*, ⸺ U.S. ⸺, 137 S. Ct. 759, 778, 197 L.Ed.2d 1 (2017).

Dated this 18th day of November, 2022.

*Michael T. Liburdi*

Michael T. Liburdi
United States District Judge